LAW OFFICES
# HIRSCHKOP & ASSOCIATES, P.C.

PHILIP J. HIRSCHKOP
VA, D.C. & NY BARS

908 KING STREET, SUITE 200
ALEXANDRIA, VIRGINIA   22314-3013

WASHINGTON OFFICE
1920 N STREET, N.W, SUITE 300.
WASHINGTON, D.C.   20036-1622

(703) 836-6595 & (703) 836-5555
FAX (703) 548-3181

February 19, 2013

*Via Facsimile (239-362-2756)*
Robert E. Tardif, Jr., Trustee
Post Office Box 2140
Fort Myers, Florida   33902

RE:   In Re:  Jason R. Yerk
Case No. 9:09-bk-01818-FMD

Dear Mr. Tardif:

We have recently received the Application for Compensation by Special Counsel for Trustee, and have reviewed your Motion for Authority to Compromise Controversy, both of which have been filed in the United States Bankruptcy Court for the Middle District of Florida in the matter In Re: Jason R. Yerk, Case No. 9:09-bk-01818-FMD.  I am writing to you as counsel for PeTA (People for the Ethical Treatment of Animals) to advise you that it is PeTA's position that the filings do not accurately represent the Amended Judgment of the United States District Court and the settlement agreement reached between the parties.

Your filing states there was a "judgment in the amount of $155,000."  That is incorrect.  That was the jury verdict, but the District Judge amended it to the amount due to the creditors and the costs and legal fees to be awarded by the Bankruptcy Court as forth in the Amended Judgment of September 14, 2012, which is quoted in the third "whereas" clause of the settlement agreement.  Apparently, the amount due to the creditors is approximately $35,000 (as it appears that the Bankruptcy Court recently struck one of the creditors' claims based on the motion of the Trustee).

Further, your filing states, "PeTA will pay the sum of $107,000."  That is also not accurate.  Paragraph 2 of the settlement agreement is very clear that PeTA will pay "the total sum of, but not to exceed, $107,000," and next discusses "approval by the Bankruptcy Court in the bankruptcy case of a settlement not to exceed $107,000 ...."  Indeed, the District Court's Amended Judgment also uses the language, "if there is any excess amount...."  It is clear that the Bankruptcy Court is to make an award as directed by the U.S. District Court in its Amended Judgment and there was not a flat settlement of $107,000.

During the period after Mr. Yerk had already hired counsel to represent him in the civil case in the District Court, he concealed and lied about that claim in Bankruptcy Court, committing bankruptcy fraud.  This was recognized by both the bankruptcy Judge in dismissing the Chapter 13 bankruptcy and by the District Court in granting the motion to amend the $155,000 verdict.  It explains why the Bankruptcy Court needs to now determine the appropriate amount.

Robert E. Tardif, Jr., Trustee
Page 2
February 19, 2013


Accordingly, it is clear that the Bankruptcy Court is to make an award as directed by the District Court and that there was not a flat settlement of $107,000. Further, costs in the amount of $7,296.05 were taxed against PeTA in the District Court, yet your special counsel has filed for $34,644.88 in his Application for Compensation even though the District Court limited those costs. These costs were already fully litigated in the District Court. Further, the 40% legal fees request by your special counsel is based upon $107,000, yet your testimony in the underlying action in the District Court was that legal fees are limited to 40% of the amount collected to pay the claims. Until such time as the Bankruptcy Court makes a determination as to the amount "necessary to pay all claims allowed in Bankruptcy Court Case No. 9:09-bk-01818-ALP in the entirety," any Application for Compensation is premature, especially inasmuch as it currently is based upon incorrect information.

Please immediately correct the flings in the Bankruptcy Court to more accurately reflect the District Court's Amended Judgment and the settlement agreement.

Very truly yours,

PHILIP J. HIRSCHKOP

PJH:er
Dictated by Mr. Hirschkop and
    signed in his absence.

cc:    Clerk, U.S. Bankruptcy Court for the Middle District of Florida (*via USPS*)
       The Honorable Caryl E. Delano (*via email to Philip Nodhturft, Law Clerk*)
       Office of the United States Trustee (*via facsimile*)
       Jose Font, Esquire (*via facsimile*)
       Robert Hall, Esquire (*via facsimile*)